# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES JUICE CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:06-cv-00288-RLH-LRL<br>) |
| JMF GROUP, LLC d/b/a AL'S BEVERAGE CO., | ) **O R D E R**<br>)<br>) |
| Defendant(s). | )<br>) |

Before the court is plaintiff's Motion to Terminate Bifurcated Discovery (#90), and defendant's Opposition (#98). No reply was filed.

Plaintiff has not complied with the certification requirements of LR 26-7(b). Although plaintiff has attached a statement of good faith (Exh. I to Mot. (#90)), it is signed by Leonard Allen Riley, whose *pro hac vice* application was denied (Order (#82)). Further, boilerplate certifications such as the one provided by Mr. Riley do not comply with the requirements set forth in *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996), which, as noted recently by Judge George W. Foley, "requires that the certificate include the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions so that the court can pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 U.S. Dist. LEXIS 43012, at \*16 (D. Nev. June 11, 2007).

Accordingly, and for good cause shown,

. . .

1  IT IS ORDERED that plaintiff's to Terminate Bifurcated Discovery (#90) is DENIED.

2  DATED this 9th day of January, 2008.

_____
**LAWRENCE R. LEAVITT
UNITED STATES MAGISTRATE JUDGE**